RYDER, Judge.
In November 1981, the parties entered into a contract for the sale of the Merritts’ laundry and dry cleaning business to the Smiths. The contract provided that the Merritts would not compete with the Smiths in the drapery and dry cleaning business within Sarasota County for five years. It was indicated that the remedies at law for breach of the covenant “are inadequate” and the Smiths would be entitled to injunctive relief in the event of a breach.
An allocation of assets was included in the contract. The amount of $20,000.00 was listed as the allocation for the covenant not to compete.
In December 1982, the Smiths filed a complaint against the Merritts alleging breach of the covenant not to compete. Subsequently, the clerk of the circuit court entered a default against the Merritts for their failure to serve or file any required paper.
Before final judgment was entered by the trial court, the Merritts filed a motion *264 to vacate default. On February 1, 1983, the trial court entered final judgment for the Smiths in the amount of $20,000.00 plus attorney’s fees and costs. Subsequently, the trial court denied the Merritts’ motion to vacate default. Later motions for reconsideration of the motion to vacate and for relief from judgment were also denied by the trial court.
The trial court held that the portion of the allocation of assets of the business listing $20,000.00 for the covenant not to compete was a liquidated damages clause for breach of the covenant. The trial court also held that the Merritts failed to show the existence of a meritorious defense.
Although we decline to disturb the trial court’s holding that no meritorious defense has been shown by the appellants, we cannot agree with the trial court’s holding that the allocation of assets for the covenant not to compete is a liquidated damages clause. Neither the covenant not to compete nor the allocation of assets is couched in terms of a liquidated damages clause. In fact, the language used in the contract appears to' reveal the parties’ belief that damages would be inadequate should a breach of the covenant occur.
The contract was clear and unambiguous. For whatever purpose an allocation of assets was included in the contract, it cannot be fairly said that it was intended to be a liquidated damages provision. See Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538 (1948), overruled on another point in Hutchinson v. Tompkins, 259 So.2d 129 (Fla.1972); Gulf Cities Gas Corp. v. Tangelo Park Service Co., 253 So.2d 744 (Fla. 4th DCA 1971).
As the trial court abused its discretion in holding that the contract provided for liquidated damages, we remand this cause for a hearing where proof of actual damages may be presented. See Fla.R.Civ.P. 1.500(e).
REVERSED and REMANDED for a hearing on damages and further proceedings consistent with this opinion.
HOBSON, A.C.J., and CAMPBELL, J„ concur.